## Case No. 15,384.

### UNITED STATES v. HOLTSCLAW.

[1 Brunner, Col. Cas. 31; 1 2 Hawy. N. C. 379.]

Circuit Court, D. North Carolina. 1805.

EXPERT EVIDENCE — PROOF OF HANDWRITING — BANK BILLS.

The signatures of the president and cashier of a bank may be proved by persons who never saw them write, but whose business has made them conversant with bank bills; and the judgment of persons well acquainted with bank notes is sufficient to determine whether a note be genuine or forged.

At law.

PER CURIAM. The objection made by Mr. Seawell that no one shall speak as to the handwriting of the president and cashier of the bank, but one who has seen them write, or has been in the habit of receiving letters from them in a course of correspondence, is not a sound one. These signatures are known to the public, and persons who have been in the habit of distinguishing genuine from the counterfeit signature, and conversant in dealings for bank bills, are as well qualified to determine of their genuineness, as persons who in private correspondence have received letters from the person whose handwriting is in question. Moreover, it is determined by the skillful whether a bill be genuine, not only by the signature, but also by the face of the bill, and by the exact conformity of the devices which are used for the detection of counterfeits, to those in true bills. We are of opinion that the judgment of persons well acquainted with bank paper is sufficient evidence to determine whether the one in question be genuine or otherwise.

---

## Case No. 15,385.

### UNITED STATES v. HOOD.

[2 Cranch, C. C. 133.] 1

Circuit Court, District of Columbia. April Term, 1817.

GAMING—VIOLATION OF MUNICIPAL ORDINANCE — COMMON LAW OFFENCE.

A conviction of the offence of keeping a faro-bank, contrary to a by-law of the corporation of Alexandria, is no bar to an indictment at common law for keeping a disorderly house, supported by the same evidence.

Indictment [against Robin Hood], at common law, for keeping a disorderly house. The evidence was that he kept a faro-bank in a room at McLaughlin's Tavern. It also appeared that he had been convicted and fined, by the mayor of Alexandria, under a by-law of the corporation, for keeping the faro-bank.

R. J. Taylor, for defendant, contended that that conviction was a bar to the present prosecution.

But THE COURT (THRUSTON, Circuit Judge, absent) decided that it was no bar. He offended against two laws. The by-law could not repeal the general law of the land. It is not the same offence.